Daniels, J.
The plaintiff and Bernard Levy, one of the defendants, were engaged in business as partners, manufacturing and selling cigars. While the plaintiff was absent from the business and from the city of New York where it was carried on, and on the 19th of March, 1886, his partner entered into an agreement, in the firm name, with the firm of David Levy & Son, by which, for the consideration of $16,800.25, he assigned and transferred to David Levy & Son their tobacco and cigars, office furniture, accounts and a note due, and other property to that firm.
In consideration of the assignment, David Levy & Son released the firm of the plaintiff and his partner from the indebtedness owing by them, and they also undertook and agreed to pajr the other debts which were small in amount, and of the plaintiff’s firm. This sale was alleged to have been fraudulently made by the plaintiff’s partner in the firm name, and it was one of the objects of the action to set it aside as such, and the receiver was appointed to take charge of and hold the property in his possession, subject to the order of the court, during the pendency of the action. To rebut the charge of fraud, it was stated in the affidavits used to oppose the motion, that the plaintiff’s firm was in fact indebted to the firm of David Levy & Co. in the sum of $16,800.25, and that they otherwise owed $102.16, and that it was to pay and provide for this indebtedness that the sale of the propeity was made. The existence of this indebtedness was quite satisfactorily established; so was the fact that the property sold would not exceed in its value the amount of the indebtedness. And it was further made to appear that the firm to which the transfer was made was a responsible firm. Upon this evidence the case does not appear to have been one for the appointment of a receiver. For if the sale should be set aside, the vendees of the property were capable of responding to the plaintiff for any interest he might have in it, which, by the judgment in the action, he should be entitled to recover.
David Levy¡ one of the memoers of the firm of Levy & Son, by way of resisting the application for the appointment of a receiver, offered to execute a bond or undertaking to the plaintiff in such a sum and with such sureties as the court might require, to the effect that he would obey all the orders of the court in the action and perform all things which the judgment therein should require him to perform, or to execute any other bond which the court might think proper in the premises. This offer was made with the ability on the part of the person making it to conroly with it; if it had been executed, it would have given the plaintiff complete security for the protection of any rights he might be able to establish upon the trial of the action. And as it was not clear upon the affidavits produced and read at the hearing that the sale in controversy was fraudulently made, this offer should have been accepted and acted upon by the court. And for that reason the order appointing the receiver should be reversed, and an order made denying the motion upon the execution by the defendants, with one or more sufficient sureties, of an undertaking in the sum of $17,000, conditioned that the defendants will pay over or account for the value of the property in controversy, or so much thereof as may be included in any judgment which the plaintiff shall recover in this action, the undertaking to be given within ten days from the time of service of a copy of the order; and if that shall not be done, that then the order appointing the receiver will be affirmed, and the costs of the appeal will abide the event of the action.
Brady, J., concurs.